MARTIN J. MCEVOY, INC. *vs.* JOSEPH IANNANTUONI
ET ALS.

Third Judicial District, New Haven, January Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

When agency is found as a fact and not as a conclusion from the subordinate facts, it can only be attacked by a motion to correct the finding.

Argued January 28th—decided April 8th, 1926.

ACTION to recover an amount alleged to be due for insurance premiums, brought to the District Court of Waterbury and tried to the court, *Beardsley, J.;* judgment for the plaintiff and appeal by the defendants. *No error.*

*Charles W. Bauby,* for the appellants (defendants).

*Frank P. McEvoy,* for the appellee (plaintiff).

PER CURIAM. Celestino Iannantuoni was the owner of a Cadillac passenger-car and placed it in the name of his daughter, Caroline, with the understanding that it was to become her property upon his death. The car was operated by Joseph, the son of Celestino, in carrying passengers for hire, and the revenue received therefrom was turned over by Joseph to Celestino directly or through Caroline. Joseph, acting for himself and as the agent of Celestino and Caroline, insured the car through the plaintiff company, and it sues to recover the premium for the insurance. Defendants construe their appeal as raising three points, whether the court erred in granting the amendment to the complaint after most of the testimony had been received, and in ordering Celestino cited in as a party defendant at a time when the case had been nearly closed. The parties filed a stipulation that the evidence introduced before he was cited in might be used with the same force and effect as though introduced after he had become a party to the action. Both rulings were clearly within the discretion of the court. The final assignment of error is claimed to be the conclusion drawn by the court that Joseph was the agent of Celestino and Caroline in procuring this insurance. The court found the agency as a fact, and not as a conclusion from the subordinate facts. The assignments of error do not seek to correct the finding by

striking out the finding of agency, which was the only method of attack open in view of this specific finding. There was no possible justification for requesting the certification of the evidence and the court should have refused to certify it.

There is no error.